FILED
SUPERIOR COURT
OF GUAM

2019 JAN -9 PM 2: 39

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0346-17 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH LEON GUERRERO NINETE, | ) | **DECISION AND ORDER DENYING** |
| DOB: 04/17/1961, | ) | **DEFENDANT'S MOTION TO REDUCE** |
| | ) | **SENTENCE** |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on December 17, 2018 for a hearing on Defendant Kenneth Leon Guerrero Ninete's Motion to Reduce Sentence. Defendant was present and represented by Assistant Public Defender William Bischoff. The People of Guam were represented by Assistant Attorney General James Collins. Having heard from the parties and reviewed the record, the Court ruled from the bench DENYING Defendant's Motion to Reduce Sentence. The Court now issues this Decision and Order memorializing its decision.

## Background

Defendant was charged with Two Counts of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (as a First Degree Felony) and Three Counts of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (as a First Degree Felony). Indictment (Jun. 26, 2017). After a jury trial, Defendant was found guilty of Count One of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (as a First Degree Felony) and Count One and Two of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (as a First Degree Felony). Judgment of Conviction and Judgment of Acquittal (Aug. 15, 2018). Prior to sentencing, the Court afforded the parties an opportunity to file a sentencing memorandum. The People recommended the Court impose a sentence of life incarceration, while the Defendant requested the minimum allowed under the

statute, or fifteen (15) years. At the sentencing hearing, the Defendant apologized to the victim's family and accepted responsibility for his actions. The court entered judgment accordingly and sentenced the Defendant to twenty (20) years imprisonment.[1] The Court also permitted defendant a limited furlough to be with family members.

On October 24, 2018, Defendant filed the instant Motion to Reduce Sentence. The People's opposition is set forth in the People's Response to Reduce Sentence. (Oct. 31, 2018).

## Law

Pursuant to Guam law, the court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed. 8 Guam Code Ann. § 120.46. The purpose of a motion to reduce sentence is "to decide if, on further reflection, the original sentence now seems unduly harsh." *U.S. v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973).[2] It is essentially a plea for leniency. *Id.* When considering a Defendant's proffered request for leniency, the court reviews his Motion for the presentation of redemptive facts not available at the time of sentencing or for compelling arguments, sufficiently persuasive for the court to reconsider and reweigh the factors evaluated at the Defendant's initial Sentencing Hearing. Motions for reduction of sentence are addressed to the court's discretion. *Flores v. United States* 238 F.2d 758, 760 (9th Cir. 1956).

## Discussion

Defendant seeks this court to reduce his sentence from twenty years to fifteen. In other words, Defendant requests that the Court impose the statutory minimum sentence for a first degree criminal sexual conduct conviction. Motion to Reduce Sentence, at p. 1. Defendant argues the facts of his crimes were not "more egregious" than other cases such that the victim did not involve a pre-pubescent minor. *Id.* at p. 2 Defendant also posits that his decision to accept his guilt and decline an appeal is a "redemptive fact" not available at sentencing. *Id.* Defendant also

---

[1] The Defendant was sentenced to twenty years for the first charge and five years each count of the second charge, to run concurrently with first sentence and all with credit for time served. *Id.*

[2] The Court looks to persuasive federal case law since no Guam case law squarely address Motions to Reduce a Sentence brought under 8 GCA § 120.46 and the Guam statute is identical to former Fed. R. Crim. Proc. 35(a).

assumes the Court might have been "unsure" of the sincerity of his remorse and acceptance of responsibility and now argues that the Court can be "assured" of that sincerity. *Id.*

On the other hand, the People suggest the alleged "new" information is insufficient to warrant a reduction of the Defendant's sentence. The People argue that the court has already considered the Defendant's "change of heart" at the time of sentencing. Additionally, that such consideration can be inferred from the Court's decision to adopt the *relatively lenient* sentence of twenty years compared to the sentence recommended by the People. People's Response to Reduce Sentence at p. 3 (emphasis added).

The Court disagrees that it adopted a "relatively lenient" sentence, especially considering that the Defendant was fifty-seven years old at the time of sentencing. Nevertheless, the Court agrees with the People that ultimately the Defendant's instant motion should be denied and further that the sentence previously imposed should remain undisturbed.

The Court finds that the Defendant failed to present redemptive facts that were not available to the Court at the sentencing hearing. The Defendant's "sincerity" at the sentencing hearing was never in doubt. Therefore, further evidence of his sincerity in a motion to reduce sentence is unnecessary. Additionally, the Court has already considered the facts of this case - egregious or not – at the sentencing hearing. Thus, Defendant's further arguments regarding the age of the minor is neither detrimental nor beneficial to this request. While the Court appreciates the Defendant's further allocution, the Court, in its discretion, finds a reduction of the Defendant's sentence is not warranted.

//

//

//

## Conclusion

For the reasons discussed above, the court properly DENIED the Defendant's Motion to Reduce Sentence. The Court's judgment and sentence memorialized therein should remain undisturbed.

No further hearings are scheduled for this matter.

SO ORDERED this _____ JAN 09 2019 _____, *nunc pro tunc* December 17, 2018.

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam